HON. ARTHUR LEVITT State Comptroller
This is in response to the letter of John S. Mauhs, Deputy Comptroller, wherein he asks for my opinion as to the effect of Article 14 of the Retirement and Social Security Law upon the status of re-employed public retirees.
Chapter 890 of the Laws of 1976, added a new Article 14 to the Retirement and Social Security Law, effective January 1, 1977, establishing a new "Coordinated-Escalator Retirement Plan."
Retirement and Social Security Law, § 500(a), contained in said Article 14, provides, as follows:
 "a. Notwithstanding any other provision of law,
except as otherwise provided in subdivisions b and c of this section, the provisions of this article shall apply to all members who join or rejoin a public retirement system of the state on or after July first, nineteen hundred seventy-six-and to all employees who would have been eligible to join or rejoin such a retirement system on or after such date but in lieu thereof elected an optional retirement program to which their employers are thereby required to contribute. In the event that there is a conflict between the provisions of this article and the provisions of any other law or code, the provisions of this article shall govern." (Emphasis supplied.)
The exceptions contained in Retirement and Social Security Law, §500(b) and (c), are not pertinent to this inquiry.
Retirement and Social Security Law, § 501(16), contained in the aforementioned Article 14, defines the word "Member" as follows:
 "16. `Member' shall mean an employee of a public employer subject to the provisions of this article." (Emphasis supplied.)
In view of the definition of the word "Member" in section 501(16) of the Retirement and Social Security Law, as quoted above and as read in conjunction with Retirement and Social Security Law, §500(a), all employees of participating employers who commence such employment after July 1, 1976, are mandatory members of the appropriate retirement system.
Retirement and Social Security Law, § 519, contained in Article 14, provides:
 "Any other provisions of this chapter, of the state education law or of the administrative code of the city of New York, or rules and regulations thereunder, relating to the reemployment of retired members, transfer of members and reserves between systems and procedural matters shall apply to members covered under this article during the duration thereof unless inconsistent herewith." (Emphasis supplied.)
Civil Service Law, § 150, provides, with certain exceptions, that if a person retires from the civil service of the State or a municipal corporation or a political subdivision thereof and thereafter accepts an office or employment in the civil service of the State, municipal corporation or political subdivision thereof to which a salary or emolument is attached, any pension or annuity allotted to him upon retirement payable by the State, municipal corporation or political subdivision shall be suspended during such service or employment.
Retirement and Social Security Law, §§ 101, 210-215 and 401 contain provisions applying to retirees of public retirement systems who following retirement resume public employment.
Since such retired persons when they return to public employment become employees of a participating employer pursuant to chapter 890 of the Laws of 1976, it would appear that chapter 890 abrogates the above-cited provisions of the Retirement and Social Security Law, and makes membership in the Retirement System mandatory for retirees who return to public employment after July 1, 1976. However, the abrogation of sections of the statute would be a serious action for the Legislature to have taken without express provision to that effect.
As you known, His Excellency, Governor Hugh L. Carey, on approving Laws of 1976, chapters 890 and 891 on July 27, 1976 (Memorandum of Approval Nos. 38 and 39), stated, in part:
 "These bills deal with a complicated subject in a very technical, complex and detailed manner. The administrators and actuaries of the State's retirement systems have stated that there are technical deficiencies in the bills' provisions. In approving the bills, it is my intent to convene a Task Force of administration officials and officials from the State's retirement systems to examine the administrative implications of these bills and to suggest, if necessary, remedial legislation."
I would suggest that the problem which we have indicated and which I believe you recognize to exist be submitted to the Governor's Task Force to consider whether to recommend legislative clarification.